UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

BOBURJON IKROM UGLI ISOKJANOV,                                              Petitioner,

v.                                                          Civil Action No. 5:26-cv-165-RGJ

ADAM SMITH, et al.,                                                        Respondents.

\* \* \* \* \*

### ORDER

This matter is before the Court on Petitioner Boburjon Ikrom Ugli Isokjanov's ("Isokjanov") Writ of Habeas Corpus. [DE 1]. Respondents responded on June 20, 2026. [DE 9]. Petitioner replied on June 22, 2026. [DE 10]. The parties agreed no evidentiary hearing was necessary. [DE 7; DE 11]. This matter is ripe for adjudication. For the reasons below, the Court **GRANTS** Isokjanov's Petition for a Writ of Habeas Corpus. [DE 1].

Neither party disputes the material facts of the case. [DE 7 at 61]. Yet Respondents assert that Petitioner is not covered by *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026) because Petitioner was "never detained under 8 U.S.C. § 1225(b)(2)(A) and deprived of a bond hearing." [DE 9 at 65-66]. Instead, Respondents claim that "ICE has considered [Petitioner] to be eligible for a bond hearing" but "Petitioner has not moved" for one. [*Id.*]. And therefore, the Court should deny the petition because no violation of due process has occurred. [*Id.*]. According to Isokjanov's Form I-213, Record of Deportable/Inadmissible Alien, he is being "held in ICE custody without bond due to a current ICE Policy." [DE 9-1 at 75].

Pursuant to Section 1226(a) and 8 C.F.R. § 236.1(d), ICE makes an initial custody determination, records it on Form I-286, and then the noncitizen may request a redetermination. 8 C.F.R. § 236.1(d). Here, however, ICE never made an initial custody determination and never

1

served an I-286. Instead, ICE determined that Petitioner is to be held "without bond due to current ICE policy." [DE 9-1 at 75]. This is akin to mandatory detention under Section 1225(b). Yet both parties agree that Petitioner is detained under Section 1226(a). Thus, on review of the record before the Court, Petitioner is being subjected to mandatory detention that *Lopez-Campos* forbids for petitioners under Section 1226(a). *Lopez-Campos,* 175 F.4th at 731-32.

Due process typically "requires some kind of a hearing *before* the [government] deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (citations omitted). Accordingly, the record reflects Isokjanov has been deprived of the due process by not being provided a hearing before his detention. *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021).

For the reasons set forth and above, The Court **GRANTS** Isokjanov's Petition for Writ of Habeas Corpus [DE 1] and orders the following: (1) the United States is directed to release Petitioner Isokjanov immediately because of the unlawful detention in violation of his due process rights; (2) the United States must provide him with a bond hearing before a neutral IJ pursuant to Section 1226(a); (3) The United States must certify compliance with the Court's order by a filing on the docket **by July 9, 2026.**

Rebecca Grady Jennings, District Judge
United States District Court

July 8, 2026

2